**Robert Earl KELLY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43244.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Victor R. Blaine, Houston (on appeal only), for appellant.

---

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by a prior conviction for burglary (Art. 62, Vernon's Ann.P.C.) 12 years.

Represented by court appointed counsel, appellant entered a plea of not guilty before a jury on June 5, 1969, and the jury having found him guilty, further found that he had been previously convicted of burglary, as charged in the indictment, and assessed his punishment.

The amended motion for new trial prepared by appellant's court appointed counsel was overruled and sentence was pronounced on August 14, 1969. On the same day notice of appeal was given, other counsel was appointed to represent appellant on appeal, and the court reporter was directed to furnish free of charge to the defendant a statement of facts.

The record on appeal was approved January 26, 1970, and, together with the briefs filed in the trial court, was filed in this court on June 15, 1970.

The brief filed in the trial court by appellant's court appointed counsel on appeal on April 20, 1970, includes a certificate of said counsel that a copy had been served on appellant and on his trial counsel.

In his brief appellant's court appointed counsel on appeal states:

"After a diligent study of the Transcript and Statement of Facts in this cause, counsel for Appellant is of the opinion that Appellant's trial and subsequent conviction was conducted as provided by the Constitution of the Sovereign State of Texas and of the United States of America, and that all of the rights and privileges guaranteed to the Appellant were invoked in his behalf. Counsel for Appellant is unable to, in good faith, urge upon this Court any Points of Error that would require the reversal of Appellant's conviction. However, there are three points which counsel for Appellant would respectfully call to the attention of the Court for their consideration."

After setting out such points and pointing out the lack of merit therein, said counsel submits that he has diligently reviewed the record in this cause and the law applicable thereto and is of the opinion that the appeal is of a frivolous nature and that appellant has received all that he is entitled to receive by way of court appointed counsel for purposes of appeal.

Having examined the record on appeal, we agree with the conclusion reached by appellant's counsel that the appeal is frivolous and presents no reversible error.

The judgment is affirmed.